██ LUCY BUELL, Respondent, v SPS PROPERTIES, Respondent, and OTIS ELEVATOR COMPANY, Appellant.—Judgment unanimously affirmed with costs. Memorandum: The trial court properly submitted the case to the jury on the theory of res ipsa loquitur. The evidence establishes that the erratic operation of the elevator would not normally have occurred in the absence of improper maintenance, which the jury could have determined was within the exclusive control of defendant Otis Elevator Company *(see, Rogers v Dorchester Assocs.,* 32 NY2d 553; *Weeden v Armor Elevator Co.,* 97 AD2d 197). As stated in *Weeden v Armor Elevator Co. (supra,* at 206): " 'Exclusivity' is a relative term, not an absolute. 'The logical basis for [the control] requirement is simply that it must appear that the negligence of which the thing speaks is probably that of defendant and not of another' (2 Harper and James, *op. cit.,* § 19.7, p 1085)." (Appeal from judgment of Supreme Court, Erie County, Sedita, J.—dismiss cross claim.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.